NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2015[*]
Decided March 20, 2015

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-3637

| | |
|---|---|
| RICHARD S. DENIS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| *v.* | No. 14-C-1341 |
| RIVERWALK HOLDINGS, LTD., and | William C. Griesbach, |
| CIRCUIT COURT OF BROWN | *Chief Judge*. |
| COUNTY, WISCONSIN, | |
| *Defendants-Appellees*. | |

**O R D E R**

Richard Denis appeals the dismissal of his civil-rights suit asserting that he was denied due process in a state-court debt-collection proceeding brought against him. We affirm.

---

[*] The defendants were not served in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that this appeal is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

As set forth in Denis's complaint, a Wisconsin state court violated his due process rights in a debt-collection suit by entering summary judgment against him rather than acceding to his request to have the case be decided by a jury. After the summary judgment was affirmed by a state appellate court, *Riverwalk Holdings, Ltd. v. Denis*, 847 N.W.2d 426 (Wis. Ct. App. 2014), and his petition for review denied by the Wisconsin Supreme Court, *Riverwalk Holdings, Ltd. v. Denis*, 855 N.W.2d 695 (Wis. 2014), Denis brought this suit under 42 U.S.C. § 1983 against Riverwalk Holdings, the creditor, and the state trial court. At screening, 28 U.S.C. § 1915(e)(2), the district court pointed out that federal courts lack jurisdiction to review cases that attack state-court judgments, and it dismissed Denis's complaint under the *Rooker-Feldman* doctrine. *See D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923).

On appeal Denis asserts that the district court overlooked his due-process claim that he was denied his right to a jury trial. But this injury of which he complains was caused by the state court's grant of summary judgment. The district court correctly concluded that *Rooker-Feldman* blocks federal courts from entertaining suits seeking to redress injuries caused by state-court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014).

AFFIRMED.